856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re William H. WARD.
 No. 88-1022.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1988.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and SKELTON, Senior Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board), affirming the examiner's final rejection of claims 1, 3-8, and 14-16 of Ward's patent application, is affirmed.
 
 OPINION
 
 2
 * Ward's application discloses an apparatus that uses a wind-driven blower to aerate material such as grain in a storage bin. Harvested grain contains moisture, which can contribute to spoilage. Aeration of stored grain has been used to diminish spoilage.
 
 
 3
 In Ward's device, a duct having air inlets extends through the grain bin and out the top of the bin, where hollow blades are attached to the duct by a hub. When wind strikes the blades, the hub rotates. Centrifugal force expels air from the interior of the rotating, hollow blades. The air in the blades is replaced by air drawn into the bin, through the grain, into the duct, where it moves upward and through the hub, and into the blades. This movement of air aerates the grain.
 
 
 4
 The application on appeal contains three independent and seven dependent claims. The examiner rejected the claims as unpatentable for obviousness under 35 U.S.C. Sec. 103 based upon two prior art patents: No. 2,797,632 (the Hook patent) in view of No. 2,485,543 (the Andreau patent).
 
 
 5
 The Hook patent discloses a grain storage bin aerator with a perforated duct which extends through the grain bin. A wind turbine is mounted on the duct above the roof of the bin. The wind turbine is attached to a shaft with blades on it. When wind strikes the turbine it and the blades rotate. The rotating blades draw air through the grain and up into the duct.
 
 
 6
 The Andreau patent discloses a wind-generated power plant that has hollow blades attached to a duct. When wind strikes the blades, they rotate. Centrifugal force expels air from the interior of the blades. The air in the blades is replaced by air drawn past a turbine (coupled to a dynamo for generating electricity) and into the duct.
 
 
 7
 In rejecting Ward's claims, the examiner concluded that it would have been obvious to one skilled in the art "to substitute the wind driven pump assembly ... in Andreau for the wind driven bin ventilator of Hood [sic: Hook]." The examiner considered the affidavit evidence of Ward, but found it unconvincing.
 
 
 8
 The Board affirmed the examiner's rejection. The Board rejected Ward's contention that the Andreau patent is not analogous art:
 
 
 9
 While appellant has characterized his problem to be the aeration of a mass of grain, we think the real problem was how to increase the air flow rate in a ventilator system such as is disclosed in the Hook patent. Reasonably pertinent to this narrower statement of the problem is the matter of the selection of a blower which is effective to promote aeration where initial cost of construction and energy cost for operation are both acceptably low.... [W]e hold the Andreau patent to be part of the relevant prior art that must be evaluated when making a determination of obviousness.
 
 
 10
 The Board ruled that Ward's affidavits did not contain factual data that would outweigh the evidence of obviousness. The Board rejected Ward's argument that the blade described in claim 15 is patentable over Andreau because it is rectilinear and is not twisted whereas Andreau discloses a tapered and twisted blade. The Board acknowledged that Ward's blade may be novel, but pointed out that the rejection was based on obviousness. The Board also rejected the argument and supporting affidavit that claim 14, for a duct that maximizes airflow by having its smallest cross-sectional open area greater than the total cross-sectional open areas of the blades, was nonobvious.
 
 II
 
 11
 Ward challenges the Board's decision on four grounds.
 
 
 12
 A. Ward argues that the Board improperly treated Andreau as analogous art. Ward contends that the Board erroneously focused on the scientific principle of air flow to generate power in Andreau rather than on Ward's problem of producing an effective ventilation system. Ward does not indicate, however, why air flow and ventilation are such disparate problems.
 
 
 13
 In determining whether a reference is analogous art,
 
 
 14
 [f]irst, we decide if the reference is within the field of the inventor's endeavor. If it is not, we proceed to determine whether the reference is reasonably pertinent to the particular problem with which the inventor was involved.
 
 
 15
 In re Wood, 599 F.2d 1032, 1036, 202 USPQ 171, 174 (CCPA 1979) quoted in Union Carbide Corp. v. American Can Co., 724 F.2d 1567, 1572, 220 USPQ 584, 588 (Fed.Cir.1984). We agree with the examiner and the Board that Andreau is reasonably pertinent and related to Ward's problem of volume of air flow and was properly considered in determining obviousness.
 
 
 16
 Ward argues that even if Andreau is analogous art, the affidavits demonstrate nonobviousness. He objects to the weight and consideration the Board gave the affidavits. Ward fails to address, however, the Board's finding that the affidavit contained "comparative data for four ventilators tested apparently during about 1959, but comparable data for the present invention have not been submitted." On appeal Ward has not pointed to data in the record that would suggest nonobviousness or an unexpected result from the combination of Hook and Andreau. We therefore have no basis to overturn the Board's decision.
 
 
 17
 B. Ward contends that the Board erred in holding that the combination of Andreau and Hook renders claim 1 unpatentable for obviousness. Ward states that Andreau is at odds with Ward's invention since Andreau seeks maximum velocity of air flow whereas Ward seeks maximum volume wherein velocity is unimportant. This difference is unpersuasive. Volume is directly related to flow rate: by increasing the rate of air flow through the duct, the volume of air drawn through the mass of grain per unit of time is increased.
 
 
 18
 Ward further argues that Hook and Andreau do not suggest Ward's combination because "[d]rawing air in across a single opening as taught by Andreau would fail to provide any significant ventilation of the grain, just as a plurality of spaced apart air inlets would result in a non-functional power plant. Finally, the Andreau patent of course discloses nothing of a ventilation system nor of the more particularized need to ventilate grain in a storage bin." The claims were rejected as unpatentable, however, because of the obviousness of substituting the wind-driven pump in Andreau for the less-efficient ventilator, shaft, and blades of Hook. That the duct in Hook or Ward would not function in Andreau, and vice versa, is irrelevant.
 
 
 19
 C. Ward challenges the Board's holding that claim 15 was obvious, because his "elongated and essentially rectilinear and untwisted" blade is distinguished from the tapered and twisted blade in Andreau. Although the blade in claim 15 may be distinguishable, Ward has not shown that the increased air flow obtained by his blade is contrary to understanding or expectation. The Board correctly found that a difference does not "outweigh the evidence of obviousness supplied by the prior art where that difference is in no way coupled to any marker of nonobviousness."
 
 
 20
 Ward's argument that Andreau does not suggest his blade structure is equally unpersuasive. Andreau need not specifically suggest such a configuration for us to affirm the Board's holding. It is common sense that Ward's blade, which has no bend restricting air flow, would improve air flow. See In re Bozek, 416 F.2d 1385, 1390, 163 USPQ 545, 549 (CCPA 1969) (examiner can rely on common sense of one of ordinary skill in the art without a specific suggestion in a particular reference).
 
 
 21
 D. Lastly, Ward contends that the Board erred in holding that the structure in claim 14, which allegedly improves air flow, would have been obvious. Claim 14 recites in pertinent part:
 
 
 22
 the cross-sectional open area presented by said duct at its most restricted point, during at least a portion of the operation of said apparatus, being greater than the total of the cross-sectional open areas presented by said series of blades at the most restricted points along the length thereof, in order to maximize air flow through the apparatus for the size of blades employed.
 
 
 23
 The affidavit submitted to support Ward's contention assumes that the drawings in Andreau and Ward are drawn to scale. There is no evidence that they are scale drawings. The examiner held, and the Board properly affirmed, that because the affidavit did not establish the difference in cross section ratio between Andreau and Ward, it was insufficient to overcome the obviousness rejection of claim 14.